JOHN G. BRENDEL & WIFE *vs.* JOHN G. STROBEL & WIFE, ET ALS.

PLEADING IN EQUITY: LIMITATIONS: WAIVER.—Where the answers to a creditor's bill fail to set up the defence of *limitations*, such omission is a waiver of the defence, and it cannot be relied on afterwards by way of exception to the auditor's report and account.

——: ——: AMENDMENT OF ANSWER.—At the time of filing such exception it is too late to amend the answers by incorporating therewith the plea of limitations.

——: ——: LAPSE OF TIME.—An agreement of the parties for a decree reserving the equities in regard to the claim of the complainant, will not admit of a construction for the introduction of other than meritorious defences, among which the lapse of time and staleness of the demand may be taken into consideration in passing upon the merits of the claim

EVIDENCE: ASSERTION OF FORMER CLAIM BY PARTY DISAPPOINTED IN RECEIVING A LEGACY IN LIEU THEREOF.—The claim of the complainant filed with his bill in February, 1864, and for the payment of which he prayed for the sale of the real estate of the alleged debtor, his father-in-law, was an account for the board of the father-in-law, who died in March 1857, and who had lived with the complainant for ten years preceding his death. The evidence of the complainant, who was examined as a witness in his own case, was, that nothing was said in reference to board between him and the deceased during the life of the latter, and no charge made therefor, he believing that it would be all made right at the death of the latter, and if not then, at the death

of the mother-in-law, who died in 1863; and that he would never have made such charge if the father-in-law and his family had "treated him properly."—HELD:

1st. That such evidence is entirely insufficient to establish the claim of the complainant.

2nd. That a party failing to receive compensation for a supposed claim, by way of a devise or legacy, cannot be remitted to the assertion of the claim, the existence of which has not been legally proven.

APPEAL from the Circuit Court of Baltimore city:

The appellants filed their bill in the Circuit Court of Baltimore city on the 2nd day of February, 1864, stating that the said John G. Brendel sues as well for himself as all other creditors of John H. Muller, deceased; that the said Muller was, in his lifetime, indebted unto him in the sum of $1,560 for board, from the 19th day of March, 1857, being ten years, less seven days, at $3 per week; that the said Muller being seized of a lot of ground in said city, departed this life on the 12th of March, 1857, leaving a last will and testament, by which he devised all his estate to his wife, Margaret A. Muller, for her life, and after her death one-third thereof to each of his daughters, Gesche M. Grane, wife of John H. Grane, Becky D. Brendel, wife of the complainant, and Catharine M. Strobel, wife of John G. Strobel, and appointing his said wife executrix of his will; that the said wife having also died, and two of the daughters having renounced, letters of administration with the will annexed, were granted to Henry Waltzen; that the personal estate of said Muller is insufficient for the payment of his just debts, and they are advised that the creditors are entitled to be paid out of his real estate; that it would be for the interest and advantage of the parties interested to sell said property, and after payment of the debts to divide the balance. The bill then alleges a refusal to sell on the part of the defendants, and prays for a decree for the sale of said lot.

An interlocutory decree was passed, and a commission issued, which was returned without testimony. The defendants answered admitting all the averments of the bill except as to the claim of complainant, which they resist. On the same day an agreement for sale was filed, and a decree for the sale passed, all equities between the parties in regard to the distribution of the fund being reserved for further consideration. A sale was made and reported by the trustee. On the 30th of September, 1864, an order was passed referring the case to the auditor, who, on the 23d of November, filed a report and account with the testimony taken before him, in which he allowed the claim of the complainant, to wit : $1,560. To the allowance of which claim the defendants excepted, and as one of the exceptions, relied upon the statute of limitations, and also asked leave to amend their answer so as to plead the statute of limitations, and on the 9th day of January filed a formal plea of the statute. On the 31st day of January, the Court filed an opinion rejecting the claim of the complainant, and remanding the case to the auditor to state a further account in comformity therewith ; from which order the appellant and his assignee, Joseph Fink, appealed.

The cause was argued before BOWIE, C. J., and BARTOL, COCHRAN and WEISEL, J.

*Samuel Snowden*, for the appellant.

The appellant will contend, that the order of the Circuit Court is erroneous for the following reasons :

1st. That there being no proof of an *express* agreement that no compensation was ever intended to be made, the law implies a promise on the part of the testator to pay for the board and lodging furnished to him during his life time, whatever it is reasonably worth, although Brendel may have *hoped* to be compensated therefor at the death of the testator

by a devise or legacy. *Dougherty vs. Whitehead,* 31 *Missouri,* 255. *Roberts vs. Swift,* 1 *Yates,* 209. *Snyder and Wife vs. Castors,* 4 *Yeates,* 354. *James vs. Bixby,* 11 *Mass.,* 34. *Baxter vs. Gray,* 3 *Manning & Granger,* 771, 42 *Eng. C. L. Rep.,* 402. *Jacobsen vs. The Exrs. of Le Grange,* 3 *Johns.,* 199. The furnishing of the board by Brendel, and its value, is fully proved.

2nd. That the defendants, having in their answer relied upon the merits as against Brendel's claim, could not afterwards plead or rely upon the statute of limitations. *McMechen vs. Chase,* (note,) 1 *Bland,* 85. *Welch vs. Steuart,* 2 *Bland,* 41. *McKinney vs. McKinney,* 8 *Ohio N. S.,* 423. *Chalmers vs. Chalmers,* 4 *G. & J.,* 439. *Banks vs. Williams,* 19 *Md. Rep.,* 36.

3rd. That even if the statute of limitations were allowed as a defence in the case, it did not begin to run until the grant of letters of administration on the estate of John H. Muller, and would not, therefore, bar the claim of Brendel. *Fishwick vs. Sewell,* 4 *H. & J.,* 393. *Haslett vs. Glenn,* 7 *H. & J.,* 17. *Angell on Lim.,* secs. 54 & 62.

4th. That the lapse of time cannot be relied on in this Court as a defence to the claim of Brendel, because it was not made by way of exception to the auditor's report and account in the Court below. *Code,* 1st *Supplement, Art.* 5, *Sec.* 1.

*John J. Snyder,* for the appellees, argued:

1st. That the said claim of the complainant is barred by the statute of limitations, and that said plea has been properly pleaded. The account charges for board, washing and ironing from the 19th of March, 1847, to the 12th of March, 1867. This suit was not instituted until the 2nd of February, 1864·

2nd. That assuming said plea has not been formally pleaded as contended by the appellant, still it was perfectly competent for the appellees to urge the lapse of time by way of

objection to the ratification of the auditor's account, in which it was allowed, and that, therefore, the exception must prevail. Besides, the reservations in the agreement for the sale of said property of the solicitors incorporated in the decree, seem to embrace all defences which could be set up against the claim of the complainant. *Walter vs. McDonald*, 2 *Md. Ch. Dec.*, 248. *Hepburn's Case*, 3 *Bland*, 110. *Story's Eq. Pl.*, 756, 759, 761. 2 *Story's Eq. Jur.*, sec. 1521. (*note.*)

3rd. That the complainant has entirely and utterly failed to make good his claim. It never was the design of the appellant to make any charge for board, &c., &c., against the decedent either at the time he went to live with him, or any time during his lifetime, nor indeed until after the decease of Mrs. Muller, which occurred in 1863. Nor did the decedent ever expect to pay therefor. And the appellant never would have demanded payment "if the sisters had treated him properly." For nearly seventeen years the appellant slept upon his rights, if he ever had any, and never even pretended to have a claim against Muller. The claim here is an after thought of the appellant and is wholly devoid of merit and without legal sanction. Under such circumstances, and where it is most manifest that both parties understood that no payment was to be made for the board, &c., &c., the law will not imply a contract to pay. There is nothing to show that there ever was a promise or request in point of fact, or legal intendment on the part of the decedent on the one hand or the appellant on the other. *Stockett vs. Johns & Wife*, 10 *G. & J.*, 578. *Lee vs. Lee, et al.*, 6 *G. & J.*, 316. *Negro Franklin vs. Waters*, 8 *Gill*, 228. *Osborne vs. Govs. of Guy's Hospital*, 2 *Str.*, 728. 4 *Dallas*, 171. 1 *Esp.*, 187. *Bartholomew vs. Jordan*, 20 *Johns.*, 28. 5 *Johns.*, 271. 11 *Adol. & Ell.*, (39 *Eng. C. L. Rep.*, 138.) 3 *Bos. & Pul.*, 249. 1 *Parsons on Cont.*, 371.

Brendel & wife *vs.* Strobel & wife, et al.

WEISEL, J., delivered the opinion of this Court.

The bill was filed by the appellant, as creditor and heir, and with it, as part thereof, was exhibited the account or claim of Brendel. The defendants, all adults, answered, admitting everything alleged, excepting the existence of the complainant's claim. That they fully denied. The parties agreed to a decree, " all equities in regard to the complainant's claim to be reserved for further consideration." A decree with such reservation was accordingly passed. Sale was made, reported and finally ratified, and the cause referred to the auditor to state an account upon proofs to be taken by him. The auditor reported his account, with the proofs taken by him, allowing the complainant's claim. Exceptions were filed, first, because of the want of sufficient evidence to establish the claim; secondly, because, if it existed it was barred by limitations.

At the same time the defendants filed a petition for leave to amend their answer in order to add to it the plea of limitations. This application was set down for a hearing, and although the record shows no hearing was had, yet the plea was filed. The Court below did not pass distinctly on this branch of the case, but determined the controversy on its merits. Nor does it appear to this Court that we should dispose of the question of limitations necessarily. We think, however, that it is proper to say, that this defence, not having been set up in the answers, was thereby waived, and could not be relied upon afterwards by way of exception to the audit. *Welch vs. Stewart,* 2 *Bland,* 41. It was also too late to amend the answer by incorporating the plea. The agreement of the parties for a decree, reserving the equities in regard to the claim, will not admit of a construction for the introduction of other than meritorious defences, among which the lapse of time and the staleness of the demand may be taken into consideration in passing upon the merits of the claim.

We concur with the Court below, that the evidence reported by the auditor is entirely insufficient to establish the claim of the complainants. Brendel's own proof distinctly disproves it. There was no contract to charge for board, and no intention to do so. No thought of charging the bill ever occurred until after Mrs. Muller's death, and that was induced by some idea of ill-treatment by Muller or the family, probably having reference to some disappointment of a legacy. If so, it was a mere matter of hope or expectation, there being no proof whatever that there existed between him and Muller any understanding that he was to receive a legacy for his board. Nor can he be remitted to a claim which never existed. In this, as well as in other respects, is the case unlike that in *Baxter vs. Gray*, 42 *Eng. C. L. Rep.*, 402, where the surgeon was remitted to his right to make good and recover an existing claim.

The auditor also allowed out of the general fund the sum of $100 for defendants' solicitor's fee, upon the authority of an agreement filed in the cause between the solicitors of both parties. The parties, being adult, could so agree.

The Court below considered that this was improperly allowed out of the general fund, although no specific objection was taken to the allowance, and disproved of it. Whatever views might be entertained as to the true construction of the agreement, the parties affected by the decision on this item of the account have not seen proper to appeal from the order of the Court below, and we can do no more than affirm it.

The order passed by the Court below, sustaining the exceptions to the audit in the particulars mentioned by him, ( and concurred in by this Court,) and remanding the proceedings to the auditor with instructions to state an account in conformity therewith, is accordingly affirmed.

The costs of the appeal to be paid by the appellants.

*Order affirmed*
*and cause remanded.*

(Decided July 12th, 1866.)